PATRICK M. SOLURI (State Bar No. 210036)
OSHA R. MESERVE (State Bar No. 204240)
SOLURI MESERVE, A LAW CORPORATION
510 8th Street, Sacramento, California 95814
Telephone: (916) 455-7300
Facsimile: (916) 244-7300
Emails: patrick@semlawyers.com;
osha@semlawyers.com

*Attorneys for Plaintiffs and Petitioners*
*American River Trees and Save the American River Association*

JUSTIN AUGUSTINE (State Bar No. 235561)
MEREDITH STEVENSON (State Bar No. 328712)
CENTER FOR BIOLOGICAL DIVERSITY
2100 Franklin Street, Suite 375, Oakland, California 94612
Telephone: (510) 844-7100
Facsimile: (510) 844-7150
Emails: jaugustine@biologicaldiversity.org;
mstevenson@biologicaldiversity.org

*Attorneys for Plaintiff and Petitioner*
*Center for Biological Diversity*

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN RIVER TREES, SAVE THE AMERICAN RIVER ASSOCIATION, and CENTER FOR BIOLOGICAL DIVERSITY, <br><br> Plaintiffs and Petitioners, <br><br> v. <br><br> CENTRAL VALLEY FLOOD PROTECTION BOARD, U.S. ARMY CORPS OF ENGINEERS, and U.S. NATIONAL PARK SERVICE, <br><br> Defendants and Respondents. | No. 2:25-cv-02384-DC-CSK <br><br> **Plaintiffs' Notice of Motion and Motion for Preliminary Injunction** <br><br> Date:       November 7, 2025 <br> Time:       1:30 p.m. <br> Judge:      Honorable Dena M. Coggins <br> Courtroom: 10 <br><br><br> Action Filed:  August 21, 2025 |

1

1

## NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION

2

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

3
      **NOTICE IS HEREBY GIVEN** that on November 7, 2025, at 1:30 p.m., or as soon

4
thereafter as the matter may be heard, in Courtroom 10, 13th floor, of the above-entitled Court,

5
located at 501 I Street in Sacramento, California 95814, Plaintiffs American River Trees, Save

6
the American River Association, and Center for Biological Diversity (collectively, "Plaintiffs"),

7
make the following motion for preliminary injunction.

8
      Pursuant to Federal Rule of Civil Procedure 65(a) and Local Rule 231, Plaintiffs hereby

9
jointly request a preliminary injunction to prevent irreparable harm from imminent forest loss

10
associated with Contract 3B of the American River Common Features Project ("Project").

11
Specifically, Plaintiffs seek to enjoin any ground or vegetation disturbing activities—including

12
site preparation, vegetation removal and tree felling—within the Project area. The forest at issue

13
in this case is protected under both the federal and California Wild and Scenic River Acts, which

14
prohibit adverse effects to the forest due to its value to the people of Sacramento and beyond who

15

16

17

18

19



20

21

22

23

24

25

26

27

28

Plaintiffs' Notice of Motion and Motion for Preliminary Injunction

1  regularly visit this area to walk, run, fish, swim, boat, wildlife-watch, or to simply enjoy the
2  area's extraordinary natural beauty.

3      This mature riparian forest along the banks of the Lower American River contains
4  numerous large trees, many over one-hundred years old, and Defendants Central Valley Flood
5  Protection Board, United States Army Corps of Engineers, and United States National Park
6  Service intend to begin removing such trees as early as November 1, 2025.

7      As authorized, Contract 3B would install erosion control measures by first removing
8  existing mature forest along approximately 3.3 miles of the Lower American River between
9  Howe Avenue and the Mayhew Drain, and then replacing the removed forest with riprap (i.e.,
10  boulder-sized rocks). In some areas, the riprap would remain exposed on the surface of the
11  ground, while in other areas the riprap would be buried, covered with soil, and then planted with
12  vegetation.

13      In authorizing Contract 3B, Defendants failed to avoid or eliminate the Project's adverse
14  impacts to the riparian forest of the Lower American River, as required by the federal and
15  California Wild and Scenic Rivers Acts. Furthermore, Defendants contravened both the National
16  Environmental Policy Act and California Environmental Quality Act by, for example, failing to
17  consider any potentially feasible alternatives to the Project, instead only examining the proposed
18  Project or no action. Injunctive relief is therefore necessary to address these statutory violations
19  and to prevent imminent loss of irreplaceable forest. The balance of harms and public interest
20  favor an injunction as well because if the motion is denied, the forest that Plaintiffs seek to
21  protect will be destroyed before the case can be heard on its merits, whereas if the motion is
22  granted, Defendants will only suffer a temporary delay while the case goes forward.

23      Accordingly, Plaintiffs satisfy all requirements for preliminary injunctive relief, and this
24  Court should grant their requested injunction. *See Winter v. Natural Resources Def. Council, Inc.*,
25  555 U.S. 7, 20 (2008) (stating injunction requirements).[1]

26

27

28

---

[1]      Plaintiffs' standing, as well as the irreparable harm Plaintiffs would incur absent an injunction, are demonstrated by the declarations filed in support of this motion.

1    Pursuant to the Court's Standing Order in Civil Cases, the undersigned counsel for

2 Plaintiffs certify they met and conferred on this Motion with counsel for Defendants by telephone

3 and email, starting on September 5, 2025, and most recently on October 2, 2025. The parties were

4 unable to reach agreement or otherwise narrow the issues raised by the Motion. Specifically,

5 federal Defendants have not provided Plaintiffs a specific proposed commencement date for their

6 vegetation removal activities, and have also declined to stay vegetation removal until after this

7 Court rules on the Motion. On October 2, 2025, Defendants stated, "Vegetation removal may start

8 as early as November 1," but there is no evidence on the ground to support this commencement

9 date. For example, no construction fencing has been erected and the 14-days advance notice to the

10 public of construction activities pursuant to mitigation REC-1 has not yet been provided.

11    Plaintiffs' goal is to avoid seeking emergency relief. However, if Plaintiffs subsequently

12 receive information indicating that Defendants will, in fact, commence vegetation removal

13 activities prior to this Court's ruling on the Motion, Plaintiffs reserve the right to seek emergency

14 relief.

15    This Motion is based on the accompanying Memorandum of Points and Authorities, the

16 supporting declarations and attached exhibits, pleadings, records, and files in this action, and

17 other such documentary and oral evidence supplied at the hearing, which is scheduled for

18 November 7, 2025.

19    Respectfully submitted,

20 Dated: October 3, 2025    SOLURI MESERVE, A LAW CORPORATION

21    By: _____

22    Patrick M. Soluri
    Attorney for Plaintiffs and Petitioners
23    American River Trees and
    Save the American River Association
24    510 8th Street
    Sacramento, California 95814
25    Email: patrick@semlawyers.com
26    Telephone: (916) 455-7300

27

28

Plaintiffs' Notice of Motion and Motion for Preliminary Injunction

1    Dated: October 3, 2025                    CENTER FOR BIOLOGICAL DIVERSITY

2                                        By: /s/ Justin Augustine (as authorized on 10/3/25)

3                                            Justin Augustine
                                            Attorney for Plaintiff and Petitioner
4                                            Center for Biological Diversity
                                               2100 Franklin Street, Suite 375
5                                               Oakland, California 94612
                                               Email: jaugustine@biologicaldiversity.org
6                                               Telephone: (510) 844-7100

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiffs' Notice of Motion and Motion for Preliminary Injunction